**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-10162

FREDERICK STRONG,

Plaintiff-Appellant,

VERSUS

CITY OF DALLAS; ET AL,

Defendants,

CITY OF DALLAS; BENNIE CLICK, in his personal capacity; MICHAEL DOERINGSFELD, in his personal capacity; DORA ALICIA SAUCEDO FALLS, in her personal capacity; RANDY HAMPTON, in his personal capacity,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(00-CV-1532)

December 11, 2002

Before JOLLY and DUHÉ, Circuit Judges, and LITTLE,[*] District Judge.

PER CURIAM:[**]

Plaintiff Frederick Strong appeals the grant of summary judgment in favor of the defendant, the City of Dallas, in his

---

[*] F.A. Little, Jr., Senior U.S. District Judge, Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Title VII and § 1983 suit for wrongful termination. Because the district court did not abuse its discretion in excluding the statistical evidence at issue in this appeal, we affirm the grant of summary judgment.

## I.

This Court reviews grants of summary judgment de novo. Patel v. Midland Memorial Hospital and Medical Center, 298 F.3d 333, 339 (5th Cir. 2002). Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## II.

Frederick Strong was employed by the City of Dallas as a police officer. Prior to, and during his employment as a police officer, Strong worked for and assisted his brother's used car sales business, which appears to have engaged in unscrupulous and possibly fraudulent practices. After a complaint from a fellow officer, the Public Integrity Unit commenced an investigation of Strong. That investigation revealed ten allegations of wrongdoing against Strong, including purchasing cars from auto auctions without payment, selling a motor vehicle acquired by theft, passing a forged document to obtain a certified copy of a vehicle title, failing to submit a request to the City for outside employment, wearing his uniform while conducting personal business and attending a civil court proceeding, giving inconsistent statements

about his ownership of a vehicle, making untruthful statements about compensation from the sale of a vehicle, and using his position as a police officer for private gain. These acts violated the Dallas Police Department Code of Conduct. After a disciplinary hearing, Strong was terminated. While the United States Attorney was investigating his actions, he filed this suit, alleging racial discrimination. The district court granted summary judgment because it found Strong was unable to demonstrate that the adverse employment action was the result of racial discrimination.

Strong argues on appeal that the district court abused its great discretion by excluding statistical evidence that had been obtained from the Dallas Police Department's public records database. Strong alleges that this evidence shows black officers were statistically more likely to be disciplined than white officers. Evidentiary decisions by the district court are reviewed for abuse of discretion. St. Romain v. Industrial Fabrication, 203 F.3d 376, 381 (5th Cir. 2000). The district court excluded this evidence because it was unauthenticated under Rule 901 of the Federal Rules of Evidence. This ruling was correct. There is no indication of the validity or authenticity of the information contained in the database on which the statistical analysis is based. Further, because of the unknown validity of the underlying data, this evidence cannot be proper summary evidence under Rule 1006 of the Federal Rules of Evidence, as Strong urges. Accordingly, we find no abuse of discretion in the district court's

exclusion of this evidence.

Even if this evidence were reliable and accepted by the district court, Strong is unable to survive summary judgment because this evidence is inadequate to establish that his individual discharge was racially discriminatory. Even if he were able to establish a prima facie case under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973), ultimately he is unable to demonstrate that the proffered non-discriminatory reasons for discharge were untrue. <u>See</u> <u>Wallace v. Methodist Hospital System</u>, 271 F.3d 212, 219-220 (5th Cir. 2001). Furthermore, he has offered no evidence that the documented reasons were somehow a pretext for racial discrimination, a showing he must make by a preponderance of the evidence. <u>McDaniel v. Temple Independent School District</u>, 770 F.2d 1340, 1346 (5th Cir. 1985). Accordingly, summary judgment was appropriate in this case.

## III.

For the foregoing reasons the judgment of the district court is

AFFIRMED.